UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON LEE HOLMBERG,<br><br>Defendant. | Case No. 1:13-cr-00129-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Jason Lee Holmberg's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 792. The Government filed an opposition to the motion, Holmberg replied, and the matter is ripe for the Court's consideration. Dkts. 796, 797.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to DENY Holmberg's Motion.

## II. BACKGROUND

Holmberg, age 46, pleaded guilty to conspiracy to distribute a controlled substance and interstate travel or transportation in aid of racketeering (counts one and four of the indictment). Dkt. 340, at 4. For this, the Court sentenced Holmberg to 180 months incarceration with five years of supervised release to follow. Dkt. 372. The Court later reduced Holmberg's sentence to 144 months, per 28 U.S.C. § 994(u), of which the defendant has served approximately 96 months. Dkt. 717. Holmberg is currently incarcerated at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan").

The Court notes that as part of sentencing, Holmberg received a sentence guideline increase for his role as the "organizer or leader" of a criminal enterprise that transported money and drugs between suppliers in California and Arizona and sold large quantities of methamphetamine in Idaho. Dkt. 340, at 26.

## III. LEGAL STANDARD

Holmberg seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] First, in order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

"extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*. If the latter criteria are met, the district court must then consider the sentencing factors outlined in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

Additionally, the Ninth Circuit has recently held that U.S.S.G § 1B1. 13 is not binding on courts as to § 3582(c)(1)(A) as revised by the FSA; however, it "may inform the district court's discretion." *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Holmberg provides proof of a request made to Warden Salazar for consideration of compassionate release dated July 16, 2020. Dkt. 792-2. Therefore, 30 days after the July 16, 2020, filing, Holmberg is considered to have exhausted all administrative remedies. Because Holmberg filed his Motion on January 6, 2021—more than 30 days after the

BOP's inaction—he has exhausted his administrative remedies and can rightly file this motion before the court.

**B. Extraordinary and Compelling Reasons**

Having determined Holmberg has exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Holmberg's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. April 6, 2020).

"Extraordinary and compelling reasons" are defined as (A) medical conditions of the defendant that limit the inmate's ability to provide self-care; (B) age of the defendant; (C) certain family circumstances; and (D) or other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. 18 U.S.C. § 3582(c)(1)(A). [2]

---

[2] §1B1.13- United States Sentencing Commission: Reduction in Term of Imprisonment
Commentary:
1. Extraordinary and Compelling Reasons. —Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
    (A) Medical Condition of the Defendant. —
        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
        (ii) The defendant is—
            (I)    suffering from a serious physical or medical condition,
(continued)

Holmberg asserts, and the Government concedes, that his body mass index ("BMI") is such that he is considered obese. Dkt. 792, at 9. Additionally, the defendant has ulcerative colitis, the medication for which is immunosuppressive. That is, the medication reduces the patient's immune system, which makes them vulnerable to infections. Thus, the CDC considers both those who are obese and those who have suppressed immune systems to be at a higher risk of fatality or permanent damages if they contract COVID-19.[3]

However, commentary provided by the United States Sentencing Commission necessarily implies the defendant must *currently* be suffering from a serious medical condition. §1B1.13. Obesity and ulcerative colitis on their own, or even in conjunction with one another, do not constitute "extraordinary or compelling" circumstances that would justify the rare remedy of reducing the defendant's sentence. Further, merely being a high-risk individual in the event COVID-19 is contracted at some future date is not in line with the guiding policy of §1B1.13, stating that "the defendant is suffering from a terminal illness." The mere possibility of contracting an infectious disease that would place him at high risk (not necessarily terminal) is different from someone currently suffering from a terminal illness.

Moreover, there is little evidence demonstrating the current conditions in FCI

---

(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Sheridan are any more precarious than they are outside the facility. At present, there are zero active cases of inmates with COVID-19, and to date, there has been only one inmate death due to COVID-19 at FCI Sheridan.[4] Holmberg argues this is wholly irrelevant. The Court disagrees. These statistics are compelling evidence that the BOPs infectious disease protocols have proven effective over the medium term. This chips away at Holmberg's claim of "extraordinary" circumstances relative to conditions in the prison.

### C. Factors to be Considered Under 18 U.S.C. § 3553(a).

In addition to analyzing whether "extraordinary and compelling" circumstances exist, the court must also examine the factors detailed in 18 U.S.C. § 3553(a).[5] In this case, Holmberg's role as the leader of a conspiracy that dealt in large quantities of methamphetamine and spanned the Southwestern United States from California to Arizona to Idaho is a severe offense. Although Holmberg's commitment to vocational training and education during his incarceration is commendable and noteworthy, it is but a single factor among others the Court must consider. The scale of the criminal operation Holmberg was

---

[4] *Coronavirus*, FEDERAL BUREAU OF PRISONS (last updated May 20, 2021), https://www.bop.gov/coronavirus/index.jsp.

[5] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

involved with demonstrates an utter lack of respect for the law and places the community at risk. The scale of the enterprise also requires a strong deterrent to dissuade other would-be drug traffickers.

In sum, the Court finds that Holmberg has exhausted his administrative remedies. However, he has failed to demonstrate an "extraordinary and compelling reason" for his release. Additionally, due to the nature of the offense, the sentencing factors of 18 U.S.C. § 3553(a) cut against the defendant's motion and a sentence modification would not be in line with the policy guidelines of 18 U.S.C. § 3553(a). Therefore, weighing all relevant factors, the Court will not depart from its prior sentence and release Jason Lee Holmberg at this time. Accordingly, the Court DENIES the motion for compassionate relief.

## V. ORDER

The Court HEREBY ORDERS:

1. Jason Lee Holmberg's Motion for Compassionate Release (Dkt. 792) is DENIED.

DATED: May 24, 2021

David C. Nye
Chief U.S. District Court Judge